# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DEANTHONY TREADWELL *also known as* DAVID JAMELSON, *Plaintiff*, v. Warden ERIC SELLERS, *et al.*, *Defendants*. | CIVIL ACTION NO. 5:18-cv-00154-TES-CHW |

## ORDER OF DISMISSAL

Plaintiff Deanthony Treadwell, also known as David Jamelson, a prisoner in the Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed a complaint in the Northern District of Georgia. [Doc. 1]. The Northern District subsequently transferred his case to this district, where Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP"). [Docs. 2, 14]. On review of Plaintiff's Complaint and IFP motion, the United States Magistrate Judge determined that Plaintiff had filed at least three previous federal lawsuits, all dismissed on grounds that qualified as "strikes." *See* 28 U.S.C. § 11915(g). These "strikes" barred Plaintiff from proceeding IFP in this action unless he was in imminent danger of serious physical injury. [Doc. 15].

Nevertheless, construing Plaintiff's Complaint broadly in his favor, the magistrate judge further found that Plaintiff may have sufficiently alleged an imminent danger of serious physical injury to allow him to proceed past the preliminary review stage in this case. *See* [*id*.]. Because Plaintiff had spread his allegations across various filings, however, the magistrate judge ordered Plaintiff to recast his claims into a single complaint in order to clarify which claims he wished to make a part of his pleading. [*Id*.]. The magistrate judge gave Plaintiff 21 days to recast his Complaint and cautioned Plaintiff that his failure to do so could result in the dismissal of this action. [*Id*.].

Thereafter, Plaintiff failed to file a recast complaint within the allotted time. As a result, the magistrate judge ordered Plaintiff to show cause why this Court should not dismiss his Complaint for failure to comply with the order to recast. [Doc. 16]. Again, the magistrate judge gave Plaintiff 21 days to respond and cautioned him that his failure to respond would result in the dismissal of this action. [*Id.*]. The United States Postal Service subsequently returned the Order to Show Cause to this Court as undeliverable. [Doc. 17].

On the return of the show cause order, the magistrate judge searched the Georgia Department of Corrections website, and the "Find an Offender" query indicated that Plaintiff had been moved to the Augusta State Medical Prison. *See* [Doc. 18]. Now aware of Plaintiff's current location, the magistrate judge directed the Clerk of Court to forward the prior orders to Plaintiff at the Augusta State Medical Prison and ordered Plaintiff to show cause why the action should not be dismissed based on his failure to file a recast

complaint. [*Id.*]. The magistrate judge again gave Plaintiff 21 days to respond, or alternatively, file a recast complaint in lieu of a response to the show cause order. [*Id.*].

To date, Plaintiff has failed to respond to the show cause order or file a recast complaint. Given Plaintiff's failure to comply with the Court's previous orders or to otherwise prosecute his case, the Court now **DISMISSES** Plaintiff's Complaint **without prejudice**. *See* Fed. R. Civ. P. 41(b); *Brown v Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this 11th day of April, 2019.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**